Derrick HALE, a Minor By his next best friend and mother Earlene HALE, Plaintiff,

v.

CHICAGO HOUSING AUTHORITY, a body politic and corporate, Defendant.

No. 85 C 4956.

United States District Court, N.D. Illinois, E.D.

Sept. 4, 1986.

Gregory N. Freerksen, DeJong, Poltrock & Giampetro, Chicago, Ill., for plaintiff.

Ronald S. Samuels, Lawrence Parrish, Washington, Kennon, Hunter & Samuels, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

BRIAN BARNETT DUFF, District Judge.

Plaintiff Derrick Hale, a minor, alleges that he is brain-damaged, bedridden, and incontinent as a result of a severe asthma attack attributable to vermin and pollutants in the apartment that his family leases from defendant Chicago Housing Authority ("CHA"). The two-count complaint alleges that the unsafe and unsanitary conditions in the Hales' apartment violate the Hales' lease with the CHA, as well as regulations of the Department of Housing and Urban Development ("HUD") requiring lo-cal public housing authorities to provide safe and sanitary housing.

Count I seeks an order requiring the CHA to transfer the Hale family immediately to a housing site that will not endanger plaintiff's health or impede his recovery. Count II seeks damages. Plaintiff alleges that federal question jurisdiction exists because he is suing to enforce federal regulations.

The sole issue before the court on defendant's motion to dismiss for lack of subject matter jurisdiction is whether there exists a private right of action to enforce HUD regulations governing safety and sanitation at public housing projects, *see* 24 C.F.R. 886.113. These regulations were issued pursuant to a statute requiring the Secretary of HUD to "issue such rules and regulations establishing standards which provide for decent, safe, and sanitary living conditions in low-rent public housing projects," 42 U.S.C. § 1437*l*(j)(2).

In determining whether to imply a private right of action from a federal statute, the court must consider four factors: first, whether the plaintiff is a member of the class for whose special benefit the statute was enacted; second, whether there is any indication of legislative intent either to create or deny a private remedy; third, whether implying such a remedy would be consistent with the underlying purposes of the legislative scheme; and fourth, whether the plaintiff's cause of action is one traditionally relegated to state law. *See Merrell Dow Pharmaceuticals Inc. v. Thompson,* — U.S. —, —, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986); *Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2087, 45 L.Ed.2d 26 (1975).

The parties agree that as a tenant in a federally-funded public housing project, Hale is a member of the class for whose benefit the public housing laws were enacted. *See Perry v. Housing Authority of City of Charleston,* 664 F.2d 1210, 1213 (4th Cir.1981). The parties disagree about the implications of the remaining three factors.

While Congress has never spoken directly about whether to allow private actions to enforce the safety and sanitation regulations issued pursuant to § 1437*l* (j)(2), there are nonetheless two strong arguments against implying a private right of action.

First, the legislative history of other provisions of the nation's public housing laws demonstrates that Congress has sought to give local authorities responsibility for managing individual housing projects and resolving disputes between tenants and project managers. *See* H.R.Rep. No. 123, 98th Cong., 1st Sess. at 35–36 (Housing and Urban-Rural Recovery Act of 1983 requires establishment of grievance procedures for resolving all disputes between tenants and public housing authorities concerning actions adverse to tenants); S.Rep. No. 84, 81st Cong., 1st Sess., *reprinted in* 1949 U.S. Code Cong. & Ad. News 1550, 1551 (Housing Act of 1949 provides federal assistance for low-rent public housing projects only where such projects are locally initiated, developed, and managed).

Second, disputes over the habitability of apartments and compliance with residential leases have traditionally been left exclusively to state and local courts. It would be a radical change in existing law for this court to create, as plaintiff requests, a federal warranty of habitability or a federal remedy for all public landlord-tenant disputes involving safety or sanitation. The court declines to do so without clear evidence that Congress intended this result.

Other courts have considered and rejected implied private rights of action in circumstances similar to those here. *See, e.g., Brown v. Housing Authority of City of McRae,* 784 F.2d 1533, 1538–39 (11th Cir. 1986) (no implied private right of action to enforce Brooke Amendment limiting rents charged to public housing tenants); *Perry v. Housing Authority of City of Charleston,* 664 F.2d at 1213–17 (no implied private right of action under United States Housing Act of 1949 for injunctive relief against unsafe and unsanitary conditions at public housing project); *Samuels v. District of Columbia,* 770 F.2d 184, 210 n. 14 (D.C.Cir. 1985) (dicta) (court does not believe Housing Act would permit § 1983 action brought by tenant challenging public landlord's random and unauthorized failure to properly maintain dwelling).

For the foregoing reasons, the court concludes that no private right of action exists to enforce § 1437*l* (j)(2). The motion to dismiss is granted.

IT IS SO ORDERED.